GRAYSON COUNTY COURT v. BRECKINRIDGE COUNTY COURT.

[Abstract Kentucky Law Reporter, Vol. 7—592.]

**Mandating County Court to Join Another County in Building a Bridge.**
> The county court refused to appoint a commissioner to meet with
> a commissioner of an adjoining county to agree on a plan to erect a
> bridge over a stream forming the boundary between the two counties.
> A mandate was issued by the circuit court requiring the county
> court to show cause why it so refused. It was held upon its show-
> ing its county to be very largely indebted and its financial ina-
> bility to build such bridge that no mandate would be issued.

APPEAL FROM GRAYSON CIRCUIT COURT.

February 25, 1886.

OPINION BY JUDGE PRYOR:

A mandamus was awarded in this case on the application of the
county judge and justices of the county of Breckinridge against the
county judge and justices of the county of Grayson, compelling the
latter to appoint a commissioner for said county, who should agree
with the commissioner appointed by Breckinridge county on a plan
for the erection of a bridge across Rough creek at the mouth of Salt
Petre cave, this creek being on or constituting at this point the boun-
dary line between the two counties. The county court of Grayson
was also directed in conjunction with the Breckinridge County
Court to erect said bridge and to pay its proportion of the costs of
construction, etc.

This proceeding was had under Gen. Stat. 1883, ch. 94, §§ 36,
37, 38. By the 36th section of this chapter, when the county court
of any county shall deem it advisable to erect a bridge over any
place between that and an adjoining county the court shall appoint
a commissioner and notify the court of the adjoining county there-
of, and request the latter to appoint a like commissioner, and it
shall be the duty of the court so requested to appoint such com-
missioner. When the county court of any county shall refuse to
act when notified the circuit court of the county so refusing may
issue a writ of mandamus to the county court requiring it to show
cause why an order shall not be entered directing the appointment
of a commissioner and the erection of the bridge, etc. On the re-

turn of the mandamus the circuit court shall hear and consider such evidence touching the matter as either party may adduce, and shall either dismiss the proceedings or award a peremptory mandamus, as may seem proper. The peremptory mandamus having been awarded, the Grayson County Court has appealed.

Several preliminary questions have been raised by counsel for the appellant that if decided would not determine the merits of the controversy, and therefore without considering those objections we will pass to the consideration of the principal question involved.

The county court of Grayson county declined to co-operate with the county of Breckinridge in the erection of the bridge because of the financial condition of the county, and if this constitutes a defense to the writ the proceeding should have been dismissed. That the erection of a bridge at the point designated would facilitate travel and be of great convenience to the citizens of both counties the proof in our opinion clearly establishes; but that the construction of a bridge at that point is indispensable to the inhabitants of either county is not shown by the proof. Nor is this court to be understood as adjudging that an absolute necessity must exist for the erection of such an improvement before the discharge of such a duty will be compelled by the writ of mandamus; but on the contrary, if the financial condition of the county of Grayson exhibited no other indebtedness than such as is created in the usual and ordinary expenditures for county purposes, such as building bridges, improving roads, supporting its poor, and erecting its public buildings, this court would not hesitate to affirm the judgment below; but a different state of case is presented by the defense, the truth of which is not controverted by the appellee.

The circuit court is directed to hear such evidence as either party may adduce touching the matter in controversy, and this is not confined to the mere convenience or necessity for the construction of the improvement, but also to the financial condition of the county required to make the expenditure. The county proceeded against for failing to discharge such a duty must show some valid reason for not complying with the provision of the statute. The discretion confided by law to the magistracy of the county in reference to the county expenditures has been taken from that body in a case like this, and placed with the circuit judge of the county who acts as an arbiter between them and determines from the facts for and

against the proposition and the expediency of making the improvement. The county of Grayson says that it is financially embarrassed with an indebtedness upon its people in the form of taxation that is already burdensome and oppressive, and which should not be further increased to the great injury of its taxpayers. It has a bonded indebtedness growing out of subscription to railroads of $170,000; a portion of this sum is bearing seven per cent. interest and the balance six per cent. The taxpayers have now to pay $2 poll tax and $1 on each $100 worth of property to pay interest on bonds and create a sinking fund, etc. The county has borrowed of the sinking fund $30,000 or $40,000 with which to erect necessary public buildings, such as a courthouse, jail, etc., and has never repaid the same, and has made large expenditures in erecting bridges and making county improvements, until its people are in an impoverished condition.

It had appointed a commissioner to confer with the commissioner of the Breckinridge County Court, but declined by reason of its inability to meet its engagements to aid in this public enterprise. The discretion of the county court on the subject was not abused, but was reasonable and proper. The county was in no condition to further increase the burden of taxation, and these facts appearing in the record and not being controverted, the circuit judge should have approved the action of the Grayson County Court, and dismissed the proceeding.

Judgment *reversed* and cause remanded with directions to enter judgment as herein indicated.

*James S. Wortham, Wm. Lindsay, for appellant.*

*Montgomery & Paston, for appellee.*